**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| CALVIN WATSON,<br><br>                   Plaintiff<br><br>VS.<br><br>CHARLES HUNNICUTT, *et al.*,<br><br>                   Defendants | NO. 3: 07-CV-81 (CDL)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION OF DISMISSAL

Defendants herein have filed a motion seeking DISMISSAL of the above-captioned §1983 action, *inter alia*, because of the failure of plaintiff CALVIN WATSON to exhaust administrative remedies prior to filing this lawsuit, as required by 42 U.S.C. §1997e(a). Tab #13. Since plaintiff is proceeding *pro se*, the court deemed it appropriate and necessary to advise him of his obligations in responding to said motion and of the consequences which he might suffer if he failed to file a proper response thereto; therefore, plaintiff was notified of same by order filed October 31, 2007. *See* Tab #14.

Plaintiff Watson has failed to respond to the court's order and to defendants' motion. In fact, the court's order was returned as "undeliverable" even though it was sent to the last address provided by plaintiff.[1] Likewise, three additional mailings to the address provided by plaintiff were subsequently returned to the Clerk's Office as "undeliverable." Defendants' motion is thus unopposed.

42 U.S.C. §1997e(a) provides

> *No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.* (Emphasis added)

---

[1]The court's order permitting plaintiff's complaint to proceed specifically requires plaintiffs to prosecute their lawsuits and to keep the court and opposing counsel informed of their mailing address. See Tab #8, p.3.

Under these circumstances, and in light of the clear language of §1997e(a) and in light of the uncontested status of defendants' motion, IT IS RECOMMENDED that the motion to dismiss filed by them be GRANTED and that this proceeding be DISMISSED *without prejudice* to the right of plaintiff to refile once he has exhausted his state remedies, <u>provided</u> he is otherwise entitled to proceed under the law. *Cf.* **Alexander v. Hawk**, 159 F.3d 1321 (11th Cir. 1998).

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. Even though it appears to be an exercise in futility, the Clerk is directed to serve plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.[2]

SO RECOMMENDED, this 11th day of MARCH, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Dismissal appears to also be appropriate for failing to comply with the court's order directing plaintiff to file a response to defendants' motion and for failing to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a plaintiff is required to diligently prosecute his lawsuit. If he fails to do so, the court may dismiss his case on that basis. *Pro se* litigants are not exempted from this requirement of law. See **Collins v. Pitchess**, 641 F.2d 740, 742 (9th Cir.1981).